**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie E. Orman,<br><br>    Petitioner,<br><br>v.<br><br>Central Loan Administration & Reporting, et al.,<br><br>    Respondents. | No. CV-19-04756-PHX-DWL<br><br>**ORDER** |

Pending before the Court are the "Motion to Vacate Arbitration Award Or, in the Alternative, to Dismiss for Improper Venue and Request for Sanctions" by CitiMortgage, Inc. ("CMI") (Doc. 13), the "Motion to Vacate Arbitration Award Or, in the Alternative, to Dismiss for Improper Venue and Request for Sanctions" by Central Loan Administration & Reporting ("Cenlar"), which appears to have been filed three times (Docs. 15, 16, 17), the "Application for Withdrawal" by Petitioner's counsel, Jeremy Claridge ("Counsel") (Doc. 18), and Petitioner's "Response and Motion to Strike Respondents' Pleadings As Frivolous and Motion for Confirmation of Arbitration Award" (Doc. 19). The Court will address the motion to strike and the application to withdraw as counsel of record.

**I.**     **Motion To Strike**

Pursuant to LRCiv 7.2(m), "[u]nless made at trial, a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." Petitioner

does not identify any statute or rule that would authorize her motion to strike, nor does she suggest that Respondents' motions are prohibited (or not authorized) by statute, rule, or court order. Petitioner's filing offers only arguments as to why the motions should be denied, not as to why they should be struck. Thus, Petitioner's motion to strike is denied.[1]

## II. Identical Motions

Unrelated to Petitioner's motion to strike, the Court notes that Cenlar appears to have filed the same motion three times, and the three filings appear to be identical. (Docs. 15, 16, 17.) The Court assumes this was an error. Thus, for the sake of clarity, the Court will strike two of the three identical motions (Docs. 16 and 17) and leave only the first one (Doc. 15) pending. The Clerk of Court shall update the docket such that the title of the filing at Doc. 15 reflects the full title of the motion.

## III. Motion To Withdraw

Counsel's motion to withdraw as counsel for Petitioner was filed on the heels of two motions for sanctions against both Petitioner and Counsel.

On August 15, 2019, CMI filed a request for sanctions, averring:

> [T]here was no legitimate justification for Orman's attorney's decision to initiate these proceedings and force CMI into Court to address an arbitration award that, on its face, clearly lacked any valid legal basis. No reasonable attorney, proceeding as he is required to proceed under Rule 11, could have looked at Orman's Proposal and believed it provided any basis on which to conduct an arbitration and/or render an award.

(Doc. 13 at 10.)

CMI bases its request for attorneys' fees on three grounds: (1) Rule 11 of the Federal Rules of Civil Procedure, (2) 28 U.S.C. § 1927, and (3) the Court's "inherent authority" to award fees when a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (quoting *Hall v. Cole*, 412 U.S. 1, 5 (1973)). At least one of those grounds (§ 1927) applies only to Counsel, and to the extent CMI seeks fees pursuant to Rule 11(b)(2), that ground also applies only to Counsel. Fed. R. Civ. P. 11(c)(5)(A).

---

[1] The filing at Doc. 19 purports to be a response, a motion to strike, and a motion to confirm the arbitration award, which the Court construes as a motion for summary judgment on the petition. The motion to strike is denied, but to the extent this filing is also a motion for summary judgment, it remains pending.

On August 27, 2019, Cenlar also filed a request for sanctions, seeking attorneys' fees from both Petitioner and Counsel and citing the same three legal bases as CMI. (Doc. 15 at 13.)

On August 30, 2019, Counsel filed a motion to withdraw as counsel for Petitioner with Petitioner's signed consent. (Doc. 18). Counsel stated that "to effectively advocate her claims . . . and to efficiently defend herself from the bold allegations made by Respondents, it is imperative that she be able to respond directly without a filter from [Counsel]." (*Id.*)

On August 30, 2019, Petitioner's "Response and Motion to Strike Respondents' Pleadings As Frivolous and Motion for Confirmation of Arbitration Award" was filed, signed not by Counsel but rather by Petitioner, purporting to be "pro per." (Doc. 19 at 1.)

On September 3, 2019, Petitioner filed a "supplement" to her response (which is not permitted by LRCiv 7.2(e)),[2] also signed not by Counsel but rather by Petitioner. (Doc. 20 at 17.)

Because the Court has not yet ruled on the motion to withdraw, Petitioner remains represented by Counsel. Thus, Petitioner's recent filings (Docs. 19, 20) violate Rule 11(a), which states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." *See also* LRCiv 83.3(c) ("Whenever a party has appeared by an attorney, that party cannot thereafter appear or act in that party's own behalf in the cause, or take any steps therein, unless an order of substitution shall first have been made by the Court after notice to the attorney of each such party, and to the opposite party. The attorney who has appeared of record for any party shall represent such party in the cause and shall be recognized by the Court and by all the parties to the cause as having control of the client's case, in all proper ways, and shall, as such attorney, sign all papers which are to be signed on behalf of the client.").

---

[2] The Court will let it slide because Petitioner could have filed two separate responses to the two separate pending motions (Doc. 13 and 15), so the "supplement" can be deemed to be one of those responses.

Furthermore, these filings were electronically filed by Counsel. To the extent the filings purport to be *pro se*, this violates LRCiv 5.5(d) ("Unless the Court orders otherwise, parties appearing without an attorney shall not file documents electronically."). It also means Counsel is squarely on the hook for those filings. Fed. R. Civ. P. 11(b) (attorney becomes accountable for a paper "by presenting" it, "whether by signing, *filing*, *submitting*, or later advocating" it) (emphasis added).

Regarding the motion to withdraw as counsel of record, Counsel did not indicate Petitioner's telephone number, which is a deficiency under LRCiv 83.3(b). Nevertheless, Petitioner's phone number is listed on the filing at Doc. 19, and thus the Court will overlook this violation.

The requirements of LRCiv 83.3 having otherwise been met, the Court must determine whether, in the exercise of its discretion, it should grant the motion. *Gagan v. Monroe*, 2013 WL 1339935, *4 (D. Ariz. 2013). "Factors that a district court should consider when ruling upon a motion to withdraw as counsel include: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id.*

The Court is skeptical about the proffered reason for withdrawal—that if Petitioner's arguments were subjected to the "filter" of Counsel's legal expertise, she would be less able "to effectively advocate her claims . . . and to efficiently defend herself." (Doc. 18.) The assistance of an attorney generally improves, dramatically, the effectiveness of advocacy. Moreover, the Court has denied requests to withdraw as counsel when motions for sanctions against both counsel and client were pending. *See, e.g.*, *Brown v. City of Glendale*, 2019 WL 3969901, *2 (D. Ariz. 2019) (noting that a withdrawal motion was denied "in part because it came at a 'sensitive juncture' in the case"—the pendency of an attorneys' fees motion targeting both counsel and client).

Nevertheless, the fact Petitioner has consented to the withdrawal weighs heavily in favor of granting it. Also, Petitioner has already responded to the pending motions, so this

is not as sensitive a juncture in the case as when withdrawal of counsel would leave a client bereft of counsel right before an important deadline. *Cf. Edwards v. Vemma Nutrition*, 2019 WL 2492253, at *1 (D. Ariz. 2019) (juncture too sensitive where an already-extended important case deadline was less than a week away). The withdrawal will not harm the administration of justice in this case.

Nor will withdrawal affect whether Respondents succeed in their request for sanctions against Counsel. The Court retains jurisdiction over Counsel regardless of whether he withdraws as counsel of record for Petitioner. *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005).

Finally, Counsel's withdrawal will cause minimal delay. "[A]n attorney subject to discipline is entitled to procedural due process, including notice and an opportunity to be heard." *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). However, "[t]he opportunity to brief the issue fully satisfies due process requirements." *Id.* The first-filed motion for sanctions was filed only three weeks ago. Allowing Counsel time to respond to the motions will delay the case only 14 days. *See* LRCiv 7.2(c).

For these reasons, the Court will permit Counsel to withdraw as counsel of record for Petitioner. The Court will retain jurisdiction over Counsel for purposes of resolving the sanctions motions. Counsel shall respond to the pending sanctions motions by September 19, 2019. Counsel is reminded that—as of this Order—Petitioner is a *pro se* litigant, and Counsel may not appear on her behalf, draft any paper on her behalf, or file any paper on her behalf.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to strike (Doc. 19) is **denied**, but to the extent this filing is also a motion for summary judgment, it remains pending.

**IT IS FURTHER ORDERED** that of the three identical motions filed by Cenlar (Docs. 15, 16, 17), the first (Doc. 15) shall remain pending and the Clerk of Court shall update the docket such that the title of the filing at Doc. 15 reflects the full title of the

motion. The other two (Docs. 16, 17) are **struck**.

**IT IS FURTHER ORDERED** that Counsel's application to withdraw as counsel of record for Petitioner with client consent (Doc. 18) is **granted**. Counsel is withdrawn as counsel of record. The Court will retain jurisdiction over Counsel for purposes of resolving the sanctions motions. Counsel is reminded that—as of this Order—Petitioner is a *pro se* litigant, and Counsel may not appear on her behalf, draft any paper on her behalf, or file any paper on her behalf.

**IT IS FURTHER ORDERED** that the Clerk of Court shall update the docket to reflect that Petitioner will proceed *pro se*, that her address is 150 W. Catalina Dr. Lot #54 Yuma, AZ 85364, and that her telephone number is 267-664-3633.

**IT IS FURTHER ORDERED** that Counsel shall respond to the pending motions for sanctions by **September 19, 2019**.

Dated this 5th day of September, 2019.

Dominic W. Lanza
United States District Judge