**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie E. Orman,<br><br>    Petitioner,<br><br>v.<br><br>Central Loan Administration & Reporting, et al.,<br><br>    Respondents. | No. CV-19-04756-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Jeremy Claridge's motion for reconsideration. (Doc. 44.) Claridge formerly served as Petitioner Leslie Orman's counsel in the above-captioned case. He now seeks reconsideration of the Court's December 16, 2019 order awarding fees to Central Loan Administration & Reporting ("Cenlar") and CitiMortgage Inc. ("Citi") (collectively, "Respondents"). (Doc. 39.) Specifically, Claridge seeks to alter his share of Respondents' fees from 10% of Respondents' costs to a flat $1,000 contribution. (Doc. 44 at 3.) For the following reasons, the Court will grant the motion in part and deny it in part.

The factual and procedural background of this case is detailed in the Court's previous order. (Doc. 39.) In a nutshell, Orman sought confirmation of a $10.3 million arbitration award that was based on a legally nonexistent contract. Because the arbitration "agreement" had never been agreed to, the Court vacated the award. (*Id.* at 8-9.) The Court also determined that Orman's motion to confirm had been filed in bad faith. (*Id.* at 9-13.) As such, the Court found that sanctions were appropriate. (*Id.*) In the Court's view, both Claridge and Orman were responsible, but Claridge's actions were the result of poor

1  decision-making, rather than spite. (*Id.*) Accordingly, the Court allocated 10% of
2  Respondents' costs to Claridge and the remaining 90% to Orman. (*Id.*)

3  Claridge now seeks reconsideration of the allocation of costs. (Doc. 44 at 3.)
4  Pursuant to LRCiv. 7.2(g), Claridge asks that, rather than 10% of Respondents' costs, the
5  Court impose a specific dollar amount—$1,000—against him.

6  Under LRCiv. 7.2, the Court may grant a motion for reconsideration if (1) "[t]here
7  are material differences in fact or law from that presented to the Court" that the moving
8  party could not have known at the time of the Court's decision; (2) "[t]here are new material
9  facts that happened *after* the Court's decision"; (3) there was a change in law after the
10 Court's decision; or (4) the moving party makes a "convincing showing that the Court
11 failed to consider material facts presented to the Court." *Honeywell Int'l, Inc. v. Western*
12 *Support Group*, 2013 WL 2369919, *1-2 (D. Ariz. 2013)

13 Setting aside that the motion is untimely (LRCiv. 7.2(g) sets a 14-day deadline),
14 Claridge's motion fails on the merits. The motion explains how Claridge's representation
15 of Orman came to pass, provides some insight into Claridge's home life, and apologizes to
16 the Court for Claridge's role in this proceeding. The apology is noted, but it does not fall
17 within any of the four grounds listed above. Claridge has pointed to a single "new" fact—
18 the hourly rate charged by Respondents' attorneys. (Doc. 44 at 1.) But that fact is
19 immaterial to whether sanctions should have been imposed. In the end, the basis for
20 Claridge's suggested change in the allocation of costs largely comes down to his
21 preference—he would rather pay a flat fee than continue to participate in the resolution of
22 the fee process. (Doc. 44 at 3.)

23 Claridge also asserts that arguing the reasonableness of Respondents' attorneys'
24 fees is a task that falls to Orman and Orman alone. (*Id.* at 3.) That is incorrect. When
25 sanctions are imposed, the Court reviews the submitted fee statements and determines for
26 itself what is reasonable. *Edwards v. Vemma Nutrition*, 2019 WL 5684192, *12-14 (D.
27 Ariz. 2019). To assist in that endeavor, both Claridge and Orman, pursuant to the Court's
28 order, may object to the reasonableness of Respondents' fees. (Doc. 39 at 13-14.) In other

words, Claridge is just as much subject to the duties of a sanctioned party as Orman. The full range of objections, including inability to pay, remains available to him. *See, e.g., Vemma*, 2019 WL 5684192 at *13-14, *15-16. *See also Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993) (stating that the sanctioned party has "the burden to produce probative evidence of his inability to pay sanctions").

Although it is largely unaddressed in his motion, Claridge also asks for an extension of time to respond to Respondents' fee statement. The Court will grant that request.

Accordingly, **IT IS ORDERED** that:

(1) To the extent Claridge's motion (Doc. 44) is a motion for reconsideration, that motion is **denied**; and

(2) To the extent Claridge seeks an extension of time, his request is **granted**. Claridge's objections to Respondents' fee statement are now due by **January 21, 2020**. For the sake of simplicity, the Court will also extend Orman's due date to the same day.

Dated this 7th day of January, 2020.

Dominic W. Lanza
United States District Judge