**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Leslie E Orman,

    Petitioner,

v.

Central Loan Administration & Reporting, et al.,

    Respondents.

No. CV-19-04756-PHX-DWL

**ORDER**

On December 16, 2019, the Court entered an order vacating Petitioner Leslie Orman's $10.3 million arbitration award and awarding sanctions against Orman and her former counsel, Jeremy Claridge, to Respondents Central Loan Administration and Reporting ("Cenlar") and CitiMortgage Inc. ("Citi") (collectively, "Respondents"). (Doc. 39.) In that order, the Court directed Respondents to submit an itemized listing of the legal fees they incurred in this matter and further directed Orman and Claridge to submit objections to those fees. (*Id.* at 13.) All parties have now submitted their documentation, and the Court is prepared to determine the appropriate amount of fees to be assessed against Orman and Claridge.

## BACKGROUND

The factual and procedural history of this case is set out in the Court's December 16 order. In a nutshell, Orman attempted to use this Court to confirm a sham arbitration award. (*Id.* at 13.) Relying on 9 U.S.C. § 10 and basic tenets of contract law, the Court vacated the award. (*Id.* at 5-9.) The Court also determined that Orman and Claridge had

acted with bad faith—Claridge recklessly filed an application to confirm an obviously fraudulent arbitration award, and Orman was trying to use this Court to harass her former mortgage lender. (*Id.* at 8-13.) Recognizing that "bad faith comes in various forms" and that Claridge's failures were those of "judgment and prudence," the Court allocated 10% of the award to Claridge and held Orman responsible for the other 90%. (*Id.*)

On January 6, 2020, Claridge moved for reconsideration of the fee award, or, alternatively, an extension of time. (Doc. 44.) The Court denied the request for reconsideration but extended the time for Claridge and Orman to object. (Doc. 45.)

All parties have now submitted their documentation. Before the Court are Respondents' itemized fee statements and supporting documentation (Doc. 42), Orman's objections and supporting documentation (Doc. 46), Claridge's objections and supporting documentation (Doc. 48), and Respondents' responses to both objections (Docs. 47, 50).

## ANALYSIS

The Court has already determined that Respondents are entitled to sanctions. (Doc. 39.) Thus, the only issue at this stage is the reasonableness of Respondents' requested fees.

The Court sanctioned Orman and Claridge pursuant to its inherent authority "to award sanctions in the form of attorneys' fees against a party or counsel who acts in 'bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Leon v. IDX Sys. Corp.*, 464 F.3d. 951, 961 (9th Cir. 2006) (quoting *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997)). Under that power, any fees imposed "must be compensatory rather than punitive in nature" and "go no further than to redress the wronged party for losses sustained; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). Thus, "the court can shift only those attorney's fees incurred because of the misconduct at issue" and must "establish a causal link—between the litigant's misbehavior and legal fees paid by the opposing party." *Id.*

Here, the causal link is easy to establish. The bad-faith conduct at issue is the reckless, frivolous filing of the petition to confirm a sham arbitration award. (Doc. 1.) As

the Court stated in its previous order, "Orman concocted a rambling document that she then had rubber-stamped by an arbitrator who merely restated the near-gibberish contained in Orman's 'counter offer,'" and Claridge saw fit to file this legal nullity.[1] (Doc. 39 at 10-11.) In other words, this litigation was pursued in bad faith from its inception. Accordingly, the Court concludes that all attorneys' fees incurred by Respondents in this matter were incurred because of the misconduct. Respondents would not have incurred these fees but for the filing of a completely baseless petition to confirm. *Haeger*, 137 S. Ct. at 1187 (causal connection in attorneys' fees cases is "appropriately framed as a but-for test"). *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 56-57 (1991) (stating that award of entire amount of fees incurred was appropriate when offending party's actions "were part of a sordid scheme of deliberate misuse of the judicial process"); *Lu v. United States*, 921 F.3d 850, 861 (9th Cir. 2019) ("In an exceptional case such as *Chambers*, where fees associated with the entirety of an action . . . would not have been incurred but for the bad faith conduct of a litigant, the district court may shift *all* of a party's fees . . . in one fell swoop.") (internal quotations omitted).

With that in mind, the Court will consider all fees requested after this action was initiated on July 18, 2019. (Doc. 1.) All told, Cenlar seeks $17,056.50 and Citi seeks $20,998.71, for a total of $38,055.21. (Doc. 42-2 at 4; Doc. 42-2 at 10.) These fees encompass the research and writing of Respondents' papers.

I. <u>Reasonableness Of Fees</u>

To determine whether Respondents' fees are reasonable, the Court looks to whether the hourly rates are reasonable, and then whether the time spent on the matter is reasonable. *Kaufman v. Warner Bros. Entm't Inc.*, 2019 WL 2084460, *13 (D. Ariz. 2019). Reasonableness is typically determined through the "lodestar method." The lodestar is calculated by "multiplying the number of hours the prevailing party reasonably expended

---

[1] As previously noted, other awards issued by the "arbitrator" involved in this case have been vacated by district courts around the country. (Doc. 39 at 12 n.5.) A district judge in the Northern District of Texas recently ordered the arbitrator to appear "to present evidence demonstrating the validity and legitimacy of the purported arbitration award" filed in that matter, and invited input from other entities that have been forced to defend against similar sham arbitration awards. (Doc. 47-1 at 2-5.)

on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

The first step in the process is to determine a reasonable rate. "The prevailing market rate in the community is indicative of a reasonable hourly rate. The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citation and footnote omitted). When, as here, a client has actually paid fees, "the best indicator of a reasonable hourly rate . . . is the rate charged by the lawyer to the client." *Jackson v. Wells Fargo Bank, N.A.*, 2015 WL 13567069, *2 (D. Ariz. 2015).

Both Respondents in this case are represented by Ballard Spahr LLP, and for this matter, Cenlar was charged $665 per hour for the work of Andrew Petrie, $420 per hour for the work of Chase Bales, and $300 per hour for the work of Jillian Andrews. (Doc. 42-1 ¶¶ 7, 12, 15.) Citi had a pre-existing arrangement with Ballard Spahr and was billed at a lower rate—$519.75 per hour for Petrie, $237 for Bales, and $300 for Andrews. (*Id.*) Petrie is a partner at Ballard Spahr and has been in practice since 1981. (*Id.* ¶ 6.) Bales, an associate, has been practicing since 2013. (*Id.* ¶ 10.) Andrews has been practicing since 2019 and completed two judicial clerkships before joining the firm. (*Id.* ¶ 13.)

Whether these rates are reasonable is determined by reference to the forum in which the district court sits. *Camacho*, 523 F.3d at 978. Other courts within this district have determined that a reasonable rate "for highly skilled, experienced, and regarded lawyers" involved in "complex, high-dollar commercial litigation" can range as high as $552 per hour. *Kaufman*, 2019 WL 2084460 at *13. *See also Edwards v. Vemma Nutrition,* 2019 WL 5684192, *13 (D. Ariz. 2019) (upholding $350 hourly rate for partners and noting it was a "below market rate[] for Phoenix attorneys of their caliber"); *Excel Fortress Ltd. v. Wilhelm*, 2019 WL 5294837, *4 (D. Ariz. 2019) (upholding $500 hourly rate for partner). Similarly, reasonable associate rates approved in this district have reached $280 per hour.

*Edwards,* 2019 WL 5684192 at *13. In light of those decisions, the Court finds that some of the rates charged in this case exceed the reasonable rate of Phoenix attorneys. The rate Petrie and Bales charged Cenlar exceeds the norm for lawyers in the Phoenix community, so it will be adjusted down. Because the hourly rate charged to Citi for Petrie's work falls within the reasonable range for the Phoenix area, the Court will adjust the billing rate for Cenlar to the same rate—$519.75 per hour. Andrews's rate, though slightly above what other courts have found reasonable, is not so far removed from that range, and thus provides a useful benchmark in adjusting Bales's rate. Accordingly, Bales's rate charged to Cenlar will be adjusted to match Andrews's—$300 per hour.[2]

Claridge suggests the hourly rate for all work done on this matter should be set at *his* normal billing rate of $250 per hour. (Doc. 48 at 3.) It is unclear why Claridge thinks his billing rate should control another attorney's, but it seems based on his argument that Respondents' counsels' fees are above the average billing rate for the entire state of Arizona. (*Id.*) This is unpersuasive for two reasons. First, a statewide average does not inform whether the fees billed by a particular lawyer in a particular matter are reasonable.

---

[2] The Court notes that Respondents did not submit an affidavit from a third-party attorney attesting to the reasonableness of their attorneys' rates. Instead, Petrie's affidavit contains a paragraph averring that "[t]he hourly rates Ballard Spahr charged for myself, Mr. Bales and Ms. Andrews are reasonable. I base that determination and my opinion on my more than 38 years' experience in the field of commercial litigation, and after consulting with the litigation partners in Ballard Spahr's Phoenix office about the rates they charge and the rates charged more generally in the Phoenix legal community for lawyers of similar experience." (Doc. 42-1 ¶ 16.) This sort of certification is of questionable utility. As noted, the rule in the Ninth Circuit is that "[t]he fee applicant has the burden of producing satisfactory evidence, *in addition to the affidavits of its counsel*, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan,* 815 F.2d at 1263 (emphasis added). Thus, the usual practice is to submit an affidavit from an attorney whose fees are not the subject of the fee request. *See, e.g., Excel Fortress*, 2019 WL 5294837 at *4 ("[T]he uncontradicted declaration from [a third-party attorney] establishes that the rates charged by Mr. McHugh and Ms. McHugh are reasonable rates in the Phoenix market for attorneys of comparable skill and experience . . . ."); *Pierce v. County of Orange*, 905 F. Supp. 2d 1017, 1036 (C.D. Cal. 2012) ("Plaintiffs submit declarations from Peter J. Eliasberg, the Legal Director at the American Civil Liberties Union Foundation of Southern California . . ., and Paula D. Pearlman, the Executive Director of the Disability Rights Legal Center . . . , both of whom corroborated that the hourly rates sought are in line with the rates charged in Southern California by similar attorneys for similar work."). Nevertheless, the recent decisions of courts within this District evaluating the reasonableness of fees charged by large-firm attorneys provide a sufficient foundation for assessing the reasonableness of the fees sought in this case.

*Kaufman*, 2019 WL 2084460 at *12. In the same vein, when a client has actually paid for legal service, what the client paid is the best measure of a reasonable fee. *Jackson* 2015 WL 13567069 at *2. This is particularly true here, where Respondents were being sued for more than $10 million. It makes sense they would hire highly skilled, if expensive, attorneys in light of the amount in controversy.

Second, Claridge has provided no support for the contention that his fee is necessarily what other lawyers in Phoenix should charge. Claridge does not practice in Phoenix, nor has he indicated that he possesses the same level of experience in large corporate cases as Respondents' counsel. Without more, there is no reason to use Claridge's fee as the baseline in this case.

Turning to the hours expended, the Court has reviewed the itemized billing entries for both Cenlar and Citi (Doc. 42-2) and finds the activities and the time allotted are reasonable. Although Claridge objects to "duplicitous" entries (which the Court interprets as objecting to duplicative entries) (Doc. 48 at 3), Petrie's sworn affidavit makes clear that, when a service benefitted both Cenlar and Citi, the time spent was allocated 50/50 between the two clients (Doc. 42-1 ¶ 9). Thus, entries such as the September 25, 2019 entry for Petrie, which states "[r]eview Orman's motion to reconsider and affidavit in support" and which appears in both statements (entry 84 in Citi's, entry 23 in Cenlar's), do not represent the same .1 hours spent on the task charged to both clients, but instead represent a total of .2 hours spent on the task, distributed evenly between the two clients benefitting from the work. Such billing is not duplicative. The only subtraction the Court will make, by request of Respondents, is entry 26 on Citi's itemized statement. (Doc. 47 at 7 n.6.) Otherwise, the hours submitted by Respondents are reasonable expenditures of time.

Multiplying the hours worked by the reasonable hourly rate, and subtracting the entry discussed above, the reasonable fees sought by Cenlar total $12,981.03, and those sought by Citi total $20,983.71, for a total of $33,964.74. With that baseline in mind, the Court will turn to the remainder of Claridge's and Orman's objections.

…

1  II    Objections

2  In addition to the objections addressed above, Orman and Claridge raise a variety
3  of objections to specific fee entries, as well as to the entire fee amount. (Docs. 46, 48.)

4  A.    **Timeliness**

5  Both Orman and Claridge argue that Respondents' fee requests are untimely. Both
6  rely on the fact that the Court's initial order awarding fees directed Respondents to submit
7  their itemized statements "within 14 days of this Order." (Doc. 39.) The order was signed
8  on December 12, 2019 but was not entered on the docket until December 16, 2019. (*Id.*)
9  Respondents submitted their itemized statements and supporting documentation on
10 December 30, 2019. (Doc. 42.) In Orman's view, this renders the entire fee request
11 untimely, because the order was signed on December 12. (Doc. 46 at 1-3.) She argues the
12 14-day period ran from the date the order was signed, making the due date December 26
13 and rendering Respondents' submission on December 30 untimely. (*Id.* at 2.)

14 Claridge doesn't argue the fee request was submitted four days late, but he does
15 argue it was submitted five hours late. (Doc. 48 at 1.) Claridge stresses that the Court's
16 order required Respondents to submit their request "within 14 days." (*Id.*) The Court's
17 order was docketed at 10:23 am on December 16, and Respondents submitted their request
18 on December 30 at 3:45 pm. (*Id.*) In Claridge's view, Respondents thus did not submit
19 "within" 14 days, so their entire request should be rejected. (*Id.*)

20 Both objections are without merit. A judgment is considered entered when it is
21 added to the civil docket. *See* Fed. R. Civ. P. 58(c). *See also Cannella v. Lentz*, 396 F.
22 Supp. 2d 435, 438 (S.D.N.Y. 2005). Thus, the Court's order became effective on the date
23 it was entered, rather than the date it was signed. The order was entered on December 16,
24 2019. (Doc. 39.) The time for Respondents to submit their fee request started at that point.
25 Fourteen days from December 16 was December 30, not December 26.

26 Claridge's objection fails for similar reasons. When computing times for court-
27 ordered deadlines, periods stated in days "include the last day of the period." *See* Fed. R.
28 Civ. P. 6(a)(1)(C). The "last day" ends "for electronic filing, at midnight in the court's

1  time zone." *See* Fed. R. Civ. P. 6(a)(4)(A). Claridge does not dispute that December 30
2  was the last day. (Doc. 48 at 1.) Nor does he dispute that Respondents submitted their
3  documentation before midnight on December 30. (*Id.*) By Claridge's own admission,
4  then, Respondents' submission was timely.

### B. **Failure To Conduct Good Faith Settlement Conference**

Local Rule 54.2(d)(1) requires that requests for attorneys' fees be accompanied by "a separate statement of the moving counsel . . . certifying that, after personal consultation and good faith efforts to do so, the parties have been unable to satisfactorily resolve all disputed issues relating to attorneys' fees." Respondents provided such a statement (Doc. 42 at 2-3), but Orman contends the settlement attempt was conducted in bad faith (Doc. 46 at 3-4). Specifically, she claims that Respondents did not attempt to contact her before the deadline to submit their fee request. (*Id.*) This argument, however, is premised on Orman's erroneous belief that Respondents' filing deadline was December 26, rather than December 30. Orman does not argue the settlement attempt was otherwise invalid.

### C. **Noncompliance With LRCiv. 54.2(e)**

Orman next argues that, by submitting individual fee statements for Cenlar and Citi rather than combining them, Respondents failed to list their services chronologically as required by LRCiv. 54.2(e)(1). (Doc. 46 at 4-5.) Orman further argues that certain entries in the fee statements do not comply with LRCiv. 54.2(e)(1)(B) because those entries list multiple tasks, rather than the individual tasks required by the rule. (*Id.*) Both arguments are unavailing.

Orman's argument that Respondents should have submitted a single, joint fee statement is premised solely on this Court's December 16 order, which stated "Respondents shall submit an electronic Microsoft Excel spreadsheet . . . ." (Doc. 39 at 13.) In Orman's view, this was an "explicit" command that Respondents submit only one fee statement. The Court doubts that submitting individual fee statements for individual clients is erroneous, but even if it were, such a technical error does not warrant denial of attorneys' fees. *Cf. Wilkin v. Time Warner Cable Co.*, 10 F. Supp. 3d 299, 319 (N.D.N.Y.

2014) (holding that a "technical error" does not prejudice an opposing party when seeking attorneys' fees if the sanctioned party is otherwise provided adequate notice of the fees sought). *See also Matthiesen v. Matthiesen*, 2017 WL 10776715, * 2 (S.D. Fla. 2017) ("The [court] . . . is hesitant to substantively deny an award of attorneys' fees because of such purely technical errors.").

In addition to her broad objection, Orman objects to some specific fee entries, such as row three of Cenlar's fee statement. (Doc. 46 at 5.) That entry, dated August 26, 2019, lists multiple activities. (Doc. 42-2 at 2 [second entry from the top].). In Orman's view, this violates LRCiv. 54.2(e)(1)(B), which requires a different entry for "each individual unrelated task performed on" a day. Review of the challenged entries reveals that, although those entries do contain multiple tasks and the time devoted to those tasks, tasks within an entry are all interrelated. Not only do such entries not run afoul of 54.2(e)(1)(B), they closely align with the examples of permissible entries provided by the local rules. *See, e.g.*, LRCiv. 54.2(e)(2)(B) & (C).

D. **No Fee Agreement For Citi**

Orman argues that Citi's fee request should be categorically denied because Respondents failed to attach the fee agreement between Ballard Spahr and Citi. (Doc. 46 at 5-6.) Respondents only attached a letter from Citi to Ballard Spahr retaining Ballard Spahr's services for an action related to Orman's property in Pennsylvania. (*Id. See also* Doc. 42-3 at 6 [engagement letter]; Doc. 39 at 1-2 [detailing the factual history of this case, which deals in part with the Pennsylvania property]; *Orman v. Citimortgage*, 2016 WL 1592948 (E.D. Pa. 2016) [detailing the history of Orman's litigation against Citi].). Orman argues that, because the letter provides no "recitation of fee to be charged for services," it is inadequate under LRCiv. 54.2(d)(2). (Doc. 46 at 6.)

Local Rule 54.2(d)(2) requires a party seeking fees to submit "[a] complete copy of any written agreement, or a full recitation of any oral fee agreement" but further provides that "[i]f no fee agreement exists, then counsel must attach a statement to that effect." Here, Respondents acknowledged in their memorandum that the engagement letter between

1  Ballard Spahr and Citi didn't specify the hourly rate Citi would be charged (Doc. 42 at 3
2  n.1), and Respondents' counsel then verified in his affidavit the actual rate that Citi was
3  charged (Doc. 42-1 ¶¶ 7, 12, 15). This approach was permissible under Local Rule
4  54.2(d)(2). Moreover, even if Respondents should have provided a different document
5  verifying the fee arrangement between Ballard Spahr and Citi, Orman and Claridge
6  suffered no harm—they had all the information they needed to respond to the fee request
7  on the merits, and the Citi rate was substantially lower than the Cenlar rate. *Gary v. Carbon
8  Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 484 (D. Ariz. 2019) (excusing fee-seeking party's
9  failure to attach fee agreement because counsel had otherwise averred to his fee
10 agreement).

### E. **Petrie's Involvement**

Orman and Claridge object to Petrie's involvement in this case. Orman contends that, before Petrie was admitted *pro hac vice* to practice in the District of Arizona (he is based in Colorado), his involvement in this case constituted unauthorized practice of law. (Doc. 46 at 6-7.) Additionally, Claridge argues that Petrie's involvement in this case was unnecessary. (Doc. 48 at 3-4.) Claridge views Petrie's involvement as "correlation between attorneys that did not need to be engaged." (*Id.*) No specific remedy is offered for this supposed unnecessary correlation, but it constitutes part of Claridge's argument that the fee request should be dismissed outright. (*Id.* at 4.)

#### 1. **Unauthorized Practice Of Law**

Any lawyer practicing in Arizona is subject to the Arizona Supreme Court's regulatory authority. Ariz. S. Ct. R. 31(a). Generally, the Arizona Supreme Court prohibits anyone who is not a member of the Arizona bar from practicing within Arizona. Ariz. S. Ct. R. 31(b). An exemption to that prohibition, however, is that lawyers licensed in a jurisdiction other than Arizona are allowed to "engage in conduct that is permitted under ER 5.5 of the rules of professional conduct." Ariz. S. Ct. R. 31(d)(27). E.R. 5.5(c)(1), in turn, provides that an attorney licensed in another jurisdiction "may provide legal services on a temporary basis in Arizona that involve Arizona law" if those services "are undertaken

in association with a lawyer who is admitted to practice in Arizona and who actively participates in the matter." *Id.*

This rule forecloses Orman's objection. The record shows that Petrie was Citi's initial point of contact. (Doc. 42-3 at 6.) After Petrie performed the intake and initial review of the matter on July 29, 2019, Bales quickly became involved. (Doc. 42-2 at 5.) Bales, a member of the Arizona bar in good standing, then became the attorney of record. (Doc. 11.) Petrie continued to work in association with Bales up until he was admitted *pro hac vice* on September 10, 2019. Bales actively participated in the case throughout—as Claridge points out, Bales was the only attorney with whom he had contact for most of this litigation. (Doc. 48 at 3.) In other words, Petrie's services were "undertaken in association with a lawyer admitted to practice in Arizona and [who] actively participate[d] in the matter." Ariz. E.R. 5.5(c)(1). Such services do not constitute unauthorized practice of law.

2. **Petrie's Association**

Claridge's argument that Petrie "did not need to be engaged" lacks merit. "Multiple attorneys may, within reason, collaborate on important drafts and/or bill time for work on the same filing." *Edwards*, 2019 WL 5684192 at *14. Especially in the context of a large firm, it is customary that a partner will engage an associate to assist on a new legal matter.

Moreover, Claridge seems to get the argument backward, because Petrie involved Bales, not the other way around. Petrie, by assigning the brunt of the work to Bales, actually reduced his clients' costs compared to if Petrie had done the work himself. Such an approach is usually requested by those ordered to pay fees. *See id.* (denying sanctioned party's contention that more work should have been assigned to lower-billing associates); *Kaufman*, 2019 WL 2084460 at *13 (same). Thus, the association of multiple attorneys worked to Claridge's benefit.

F. **Fees Incurred In Preparing Fee Request**

Orman argues that Respondents are not entitled to the fees incurred in preparing their fee request, known as fees-on-fees. (Doc. 46 at 9.) Citing LRCiv. 54.2(c)(2), Orman claims that Respondents' failure to cite legal authority entitling them to fees-on-fees

- 11 -

precludes them from recovering such fees. (*Id.*)

Orman is correct that LRCiv. 54.2(c)(2) requires a party seeking fees to provide legal authority to recover fees-on-fees. Respondents cited no such authority in their initial request for fees. (Doc. 13 at 10; Doc. 15 at 13.) Additionally, the Court's order concluding that Respondents were entitled to sanctions made no specific mention of whether the sanction award would include fees incurred in preparing Respondents' supporting materials. (Doc. 39 at 9-14.) That, admittedly, made it unclear whether Respondents needed to provide authority for seeking fees-on-fees in their initial memorandum (which they failed to do). (Doc. 42.) However, after Orman raised an objection under Local Rule 54.2(c)(2) in her response, Respondents included in their reply a citation to *Camacho*, which provides that "it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." 523 F.3d at 981.

The problem with Respondents' approach is *Camacho* also contains the following passage: "In *statutory fee cases*, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *Id.* (emphasis added) (quoting *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-660 (9th Cir. 1985)). The fee award in *Camacho*, including fees-on-fees, arose under 15 U.S.C. § 1692k(a)(3). *Id.* at 978. Here, fees were awarded pursuant to the Court's inherent authority. (Doc. 39 at 10, 12.) The purpose of each is different—statutory fee provisions exist to "encourage private enforcement of the law," *Camacho*, 523 F.3d at 978, while sanctions imposed pursuant to the Court's inherent authority are meant to dissuade parties from acting "in bad faith, vexatiously, wantonly, or for oppressive reasons," *Leon* 464 F.3d at 961 (quoting *Primus Auto. Fin. Servs., Inc.*, 115 F.3d at 648). Given these separate justifications, it would be improper to import Respondents' cited authority to justify fees-on-fees under the Court's inherent authority. *Aviva USA Corp. v. Vazirani*, 2012 WL 2503962, *2 (D. Ariz. 2012) ("Although Aviva does cite to authority for awarding [fees-on-fees] under other fee-shifting rules, they have failed to do so for sanctions under the

1 | Court's inherent power.").

Accordingly, the Court will strike the fee entries associated with the preparation of Respondents' supporting documentation. To that end, the Court will strike all entries for both Citi and Cenlar that occurred after December 12, 2019, except for the December 17 entry (which reflects Andrews's time preparing and filing a notice of substitution of counsel). (Doc. 42-2 at 4, 9-10.) This amounts to a reduction of $2,192.65 in Cenlar's request, and a reduction of $2,021.54 in Citi's request.[3]

G. **Research And Clerical Work**

Orman's final objection is that she "should not be responsible for paying for 'on the job' training of attorneys and paralegals who don't know procedures for filing a Motion to Dismiss for example, or statutes of the subject matter they are working on, or for clerical or secretarial work." (Doc. 46 at 10.) The spreadsheet Orman submitted along with her objections applies this argument to entries with tasks such as "research" and "review."

This objection likely stems from unfamiliarity with the work of lawyers. These entries are not indicative of "on the job training"—instead, they reflect attorneys taking proper care in learning the relevant law and following the appropriate procedures. Not only is such research proper, it is expressly contemplated by the local rules. *See, e.g.*, LRCiv. 54.2(e)(B). No lawyer knows and can recall every aspect of law or procedure involved in a given case. These entries reflect a proper use of time.

## CONCLUSION

After adjusting Cenlar's fee request to bring the hourly rate in line with the reasonable rate for Phoenix, and striking the entries associated with the preparation of the fee statement, the total, reasonable fees requested by Cenlar are $10,788.38. After striking the fees-on-fees related entries in Citi's fee request, Citi's total reasonable fees requested is $18,962.17. Pursuant to the Court's order awarding fees, Claridge is responsible for 10% of these fees and Orman is responsible for the other 90%. (Doc. 39 at 13.)

…

---

[3] This moots Orman's incorrect contention that entries after December 26, 2019 were untimely. (Doc. 46 at 9-10.)

Accordingly, **IT IS ORDERED** that:

(1) Claridge shall pay $1,078.84 to Cenlar;

(2) Claridge shall pay $1,896.22 to Citi;

(3) Orman shall pay $9,709.54 to Cenlar;

(4) Orman shall pay $17,065.95 to Citi; and

(5) Claridge and Orman shall satisfy these obligations within 60 days from the date of this Order.

Dated this 26th day of February, 2020.

Dominic W. Lanza
United States District Judge

| Work Date | Timekeeper Name | Hours Worked | Work Value | Court adjusted | Narrative | |
|---|---|---|---|---|---|---|
| 7/29/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Email research regarding identifying the arbitrator and his company | |
| 7/29/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review and respond to research and intelligence center regarding information concerning MHP, and getting clean pictures of its website | |
| 7/29/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review research department's results and website for MHP, and email regarding checking ministries referenced there | |
| 7/29/2019 | Andrew J. Petrie | 0.70 | 363.83 | 363.83 | Outline opposition to motion to confirm award | |
| 7/29/2019 | Andrew J. Petrie | 0.50 | 259.88 | 259.88 | Review petition to confirm arbitration award and attached award, and preliminary search for arbitrator or the company acting as arbitration provider | |
| 7/30/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review and respond to C. Bales re sanctions options and meet-and-confer requirements | |
| 7/30/2019 | Andrew J. Petrie | 0.30 | 155.93 | 155.93 | Review local rules governing motions to dismiss | |
| 7/30/2019 | Andrew J. Petrie | 0.30 | 155.93 | 155.93 | Review Orman's supposed agreement, arbitration clause(s) and her erroneous legal statements re arbitration law | |
| 7/30/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Prepare materials for C. Bales' review | |
| 7/30/2019 | Andrew J. Petrie | 0.30 | 155.93 | 155.93 | Telephone conference with C. Bales (Phoenix) re nature of claims, entry of appearance and probable motion practice | |
| 7/30/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Telephone call from research department re checking on parties and their affiliations | |
| 7/30/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review and respond to research department re checking on parties and their affiliations | |
| 7/30/2019 | Andrew J. Petrie | 0.30 | 155.93 | 155.93 | Review amended pleadings cover materials, and email G. Wallace re filing being in wrong forum | |
| 7/30/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review docket and email G. Wallace re pulling down more recent pleadings | |
| 7/30/2019 | Andrew J. Petrie | 0.20 | 103.95 | 103.95 | Review materials re Ormans, USPS receipts and notary public that G. Wallace forwarded, and email her re CitiMortgage's service addresses | |
| 7/30/2019 | Andrew J. Petrie | 0.40 | 207.90 | 207.90 | Telephone conference with G. Wallace re background for case and likely opposition points **Redacted** | |
| 7/30/2019 | Chase A. Bales | 0.40 | 94.80 | 94.80 | Telephone call with D. Petrie re case background, and upcoming deadlines and issues in the case | |
| 7/30/2019 | Chase A. Bales | 1.50 | 355.50 | 355.50 | Evaluate potential arguments for dismissal of suit, including that there was no mutual assent to the arbitration agreement | |
| 7/30/2019 | Steven L. Johnson | 0.60 | 54.00 | 54.00 | Download requested filings from PACER; send filings to G. Wallace | |
| 7/31/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review research & intelligence center materials on Ormans and the two churches referenced in association with them | |
| 7/31/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Prepare entry of appearance, and email C. Bales re jurisdictional reservations in it and timing for filing | |
| 7/31/2019 | Chase A. Bales | 2.40 | 568.80 | 568.80 | Continued analysis of potential arguments for dismissal of suit based on allegations in plaintiff's demand | |
| 7/31/2019 | Chase A. Bales | 0.60 | 142.20 | 142.20 | Revise and file notice of appearance and transmit same to G. Wallace and P. Allen | |
| 8/1/2019 | Chase A. Bales | 0.70 | 165.90 | 165.90 | Review and evaluate authorities concerning potential arguments that case is subject to dismissal based on lack of an enforceable contract | |
| 8/2/2019 | Erica M. Nantais | 0.10 | 15.00 | 0.00 | Other: assist paralegal S. Johnson with obtaining access to McAfee encrypted CMI data on disk | This portion of the fee is waived by request of Respondents. Doc. 47 at 7 n.6 (was $15.) |
| 8/5/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Conference with M. Morr re background for and nature of arbitration claim, and process to confirm | |
| 8/5/2019 | Chase A. Bales | 1.20 | 284.40 | 284.40 | Review and evaluate authorities concerning change of venue issues associated with arbitration provision in connection with drafting motion to change venue | |
| 8/5/2019 | Chase A. Bales | 4.60 | 1,090.20 | 1,090.20 | Analyze and evaluate authorities concerning whether arbitration provision may be enforced where party did not agree to it in connection with drafting motion to vacate | |
| 8/6/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review and respond to C. Bales re proposed challenges to effort to confirm arbitration award, and forward same to G. Wallace | |
| 8/6/2019 | Chase A. Bales | 7.30 | 1,730.10 | 1,730.10 | Prepare draft motion to vacate or, alternatively to change venue | |
| 8/7/2019 | Chase A. Bales | 1.20 | 284.40 | 284.40 | Draft motion to vacate arbitration award | |
| 8/8/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Telephone call from C. Bales and review his emails re his telephone conference with Orman's counsel and supposed service on CMI on July 24, and forward service information to G. Wallace and P. Allen | |
| 8/8/2019 | Andrew J. Petrie | 0.20 | 103.95 | 103.95 | Review Pennsylvania background materials that G. Wallace forwarded | |
| 8/8/2019 | Chase A. Bales | 4.20 | 995.40 | 995.40 | Prepare motion to vacate arbitration award | |
| 8/8/2019 | Chase A. Bales | 0.20 | 47.40 | 47.40 | Confer with D. Petrie re services issues and strategy for addressing time for filing responsive pleading | |
| 8/8/2019 | Chase A. Bales | 0.30 | 71.10 | 71.10 | Evaluate procedural issues associated with securing an extension of time to file and answer or other responsive pleading | |
| 8/8/2019 | Chase A. Bales | 0.30 | 71.10 | 71.10 | Confer with plaintiff's counsel re status of service and basis for filing action | |
| 8/9/2019 | Chase A. Bales | 3.80 | 900.60 | 900.60 | Further revisions to draft motion to vacate, specifically focusing on developing further argument regarding basis for change of venue under 9 U.S.C. section 9 | |
| 8/10/2019 | Andrew J. Petrie | 1.00 | 519.75 | 519.75 | Review, revise and comment on C. Bales' draft motion to dismiss petition to confirm arbitration award | |
| 8/10/2019 | Chase A. Bales | 0.30 | 71.10 | 71.10 | Review edits to draft motion to vacate forwarded by D. Petrie | |
| 8/12/2019 | Chase A. Bales | 1.90 | 450.30 | 450.30 | Revise draft motion to vacate and incorporate further edits based on comments from D. Petrie | |
| 8/13/2019 | Andrew J. Petrie | 1.10 | 571.73 | 571.73 | Review and comment on revised motion to dismiss from C. Bales | |
| 8/13/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Exchange emails with C. Bales re timing of response to motion to confirm award, and contacts with opposing counsel re extension of time to respond | |
| 8/13/2019 | Chase A. Bales | 0.10 | 23.70 | 23.70 | Place telephone call to and leave message for counsel for plaintiff re possible extension of time to respond | |
| 8/13/2019 | Chase A. Bales | 0.30 | 71.10 | 71.10 | Email correspondence with D. Petrie re service issues and potential concerns re time for filing a responsive motion | |
| 8/13/2019 | Chase A. Bales | 1.40 | 331.80 | 331.80 | Further revisions to draft of motion to vacate, and send same to G. Wallace and P. Allen for review | |
| 8/14/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review P. Allen and C. Bales emails re meet-and-confer and service of notice | |

| Work Date | Timekeeper Name | Hours Worked | Work Value | Court adjusted | Narrative |
|---|---|---|---|---|---|
| 8/14/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review and respond to C. Bales' update on meet and confer with Orman's counsel |
| 8/14/2019 | Chase A. Bales | 0.20 | 47.40 | 47.40 | Attention to email correspondence concerning filing motion to vacate and status of service |
| 8/15/2019 | Andrew J. Petrie | 0.30 | 155.93 | 155.93 | Final review and comments on draft motion to dismiss, and telephone conference with C. Bales re finalizing same |
| 8/15/2019 | Chase A. Bales | 0.20 | 47.40 | 47.40 | Telephone call with D. Petrie re final edits to motion to vacate and finalize same for submission |
| 8/30/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review Orman's response and motion to strike |
| 8/30/2019 | Chase A. Bales | 0.30 | 71.10 | 71.10 | Telephone call with Orman's counsel re status of filing and his planned withdrawal as counsel |
| 8/30/2019 | Chase A. Bales | 0.60 | 142.20 | 142.20 | Review Orman's motion to strike |
| 9/3/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review and respond to docketing and C. Bales re reply to Orman's document challenging motion to dismiss |
| 9/4/2019 | Chase A. Bales | 0.90 | 213.30 | 213.30 | Prepare reply in support of motion to vacate |
| 9/5/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Skim/review Orman's supplement to motion to strike |
| 9/5/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review Orman's special action and request for attorneys' fees |
| 9/5/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review Judge Lanza's order denying Orman's motion to strike |
| 9/5/2019 | Andrew J. Petrie | 0.30 | 155.93 | 155.93 | Review, revise and comment on draft reply in further support of motion to dismiss |
| 9/5/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Skim/Review Orman's supplemental filing and email G. Wallace re same |
| 9/5/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review motion to withdraw as counsel, and C. Bales' emails re filing reply and metadata issues Orman raises |
| 9/5/2019 | Chase A. Bales | 0.20 | 47.40 | 47.40 | Prrepare draft motion to strike Orman's supplemental response |
| 9/5/2019 | Chase A. Bales | 0.30 | 71.10 | 71.10 | Revise draft reply in support of motion to vacate |
| 9/5/2019 | Chase A. Bales | 0.20 | 47.40 | 47.40 | Review emails from D. Petrie re reply in support of motion to vacate |
| 9/5/2019 | Chase A. Bales | 0.10 | 23.70 | 23.70 | Review email correspondence concerning loan modification |
| 9/6/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review and revise proposed final revised CMI stand-alone reply, and authorize same for filing |
| 9/6/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review and respond to C. Bales re revising draft response to accommodate the court's order and G. Wallace's comments |
| 9/6/2019 | Chase A. Bales | 0.40 | 94.80 | 94.80 | Revise draft reply in support of motion to vacate (.4) |
| 9/6/2019 | Chase A. Bales | 0.20 | 47.40 | 47.40 | Prepare email to D. Petrie re strategy for addressing court's order |
| 9/6/2019 | Chase A. Bales | 0.20 | 47.40 | 47.40 | Review order from court re various filings and evaluate impact of same on reply in support of motion to vacate |
| 9/6/2019 | Chase A. Bales | 0.40 | 94.80 | 94.80 | Review pro hac admission instructions and prepare drafts of application for D. Petrie |
| 9/9/2019 | Chase A. Bales | 1.50 | 355.50 | 355.50 | Prepare reply in support of motion to vVacate to address additional arguments raised in Orman's supplemental response |
| 9/11/2019 | Andrew J. Petrie | 0.20 | 103.95 | 103.95 | Review Orman's most recent filing, circulate to client, and email C. Bales and M. Morr re potential terse responses and new facts she discloses |
| 9/17/2019 | Chase A. Bales | 0.40 | 94.80 | 94.80 | Prepare outline of response to Orman's motion for summary judgment and send same to D. Petrie |
| 9/18/2019 | Andrew J. Petrie | 0.40 | 207.90 | 207.90 | Review Philadelphia office draft opposition filed in Pennsylvania appeal, and email to C. Bales and M. Morr re incorporating same |
| 9/18/2019 | Andrew J. Petrie | 0.20 | 103.95 | 103.95 | Review J. Claridge's response to motion for sanctions and his email asking for withdrawal, and prepare reply points to both for C. Bales to use |
| 9/18/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review and respond to C. Bales re outline of issues and positions for response to papers the court has deemed an Orman motion for summary judgment |
| 9/18/2019 | Chase A. Bales | 0.10 | 23.70 | 23.70 | Review response to motion for sanctions |
| 9/19/2019 | Chase A. Bales | 2.40 | 568.80 | 568.80 | Prepare response to Orman's motion for summary judgment |
| 9/23/2019 | Chase A. Bales | 1.40 | 331.80 | 331.80 | Continue preparing response to Orman's motion for summary judgment |
| 9/24/2019 | Chase A. Bales | 1.70 | 402.90 | 402.90 | Continue drafting response to motion for summary judgment |
| 9/25/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review Orman's motion to reconsider and affidavit in support |
| 9/25/2019 | Chase A. Bales | 1.30 | 308.10 | 308.10 | Prepare controverting statement of facts and affidavit for G. Wallace |
| 9/25/2019 | Chase A. Bales | 0.90 | 213.30 | 213.30 | Revise response to Orman's motion for summary judgment |
| 9/26/2019 | Andrew J. Petrie | 0.40 | 207.90 | 207.90 | Review, revise and comment on draft G. Wallace affidavit |
| 9/26/2019 | Andrew J. Petrie | 0.30 | 155.93 | 155.93 | Review, revise and comment on draft statement of disputed facts |
| 9/26/2019 | Andrew J. Petrie | 0.40 | 207.90 | 207.90 | Review, revise and comment on draft response to what the Court has deemed is Orman's motion for summary judgment |
| 9/27/2019 | Chase A. Bales | 0.60 | 142.20 | 142.20 | Revise draft of papers relating to response to Orman's motion for summary judgment based on comments and questions from D. Petrie |
| 9/29/2019 | Andrew J. Petrie | 0.10 | 0.00 | 0.00 | Review G. Wallace/C. Bales exchange over signatory to affidavit in support of MSJ response (no charge) |
| 9/29/2019 | Chase A. Bales | 0.40 | 94.80 | 94.80 | Review email from G. Wallace re affidavit; assemble and send exhibits to G. Wallace; prepare email to G. Wallace re affidavit issues |
| 9/30/2019 | Chase A. Bales | 0.50 | 118.50 | 118.50 | Finalize drafts associated with response to motion for summary judgment; prepare draft motion for extension of time re same; contact Orman re extension |
| 10/1/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review Orman emailed consent and proposed supplemental pleading |
| 10/1/2019 | Chase A. Bales | 0.10 | 23.70 | 23.70 | Prepare supplement to motion for extension of time based on email from Orman |
| 10/2/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review Orman's motion for sanctions |
| 10/2/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review and respond to C. Bales' outline of proposed response points to motion for sanctions |
| 10/2/2019 | Chase A. Bales | 0.90 | 213.30 | 213.30 | Review Orman's motion for sanctions and prepare outline for responding to same |
| 10/3/2019 | Chase A. Bales | 0.50 | 118.50 | 118.50 | Revise draft response to Orman's motion for summary judgment |
| 10/4/2019 | Chase A. Bales | 0.80 | 189.60 | 189.60 | Finalize response to Orman's motion for summary judgment |
| 10/9/2019 | Chase A. Bales | 1.40 | 331.80 | 331.80 | Draft response to Orman's motion for sanctions |
| 10/10/2019 | Andrew J. Petrie | 0.20 | 103.95 | 103.95 | Review, revise and comment on draft opposition to motion for sanctions |
| 10/10/2019 | Chase A. Bales | 1.30 | 308.10 | 308.10 | Continue drafting response to Orman's motion for sanctions |
| 10/15/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review C. Bales' proposed changes to finalize opposition to motion for sanctions, and email him re same |
| 10/15/2019 | Chase A. Bales | 0.60 | 142.20 | 142.20 | Finalize response to motion for sanctions and oversee filing of same |

| Work Date | Timekeeper Name | Hours Worked | Work Value | Court adjusted | Narrative | |
|---|---|---|---|---|---|---|
| 10/16/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review C. Bales' report on miscited case authority on which Orman erroneously relies, and skim cases cited | |
| 10/16/2019 | Chase A. Bales | 0.50 | 118.50 | 118.50 | Review Orman's reply in support of motion for summary judgment and evaluate authorities cited in support of same | |
| 10/18/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review Orman's reply in support of motion for summary judgment and select cases on which she relies | |
| 10/23/2019 | Chase A. Bales | 0.20 | 47.40 | 47.40 | Review Orman's reply in support of motion for attorneys' fees | |
| 11/5/2019 | Andrew J. Petrie | 0.10 | 51.98 | 51.98 | Review Orman's reply in support of motion for sanctions and two affidavits she filed with it | |
| 12/16/2019 | Andrew J. Petrie | 0.10 | 51.98 | 0.00 | Review LR 54.2 to which Judge Lanza referred for requirements of itemized fee statement | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/16/2019 | Andrew J. Petrie | 0.20 | 103.95 | 0.00 | Review Judge Lanza's order | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/16/2019 | Andrew J. Petrie | 0.10 | 51.98 | 0.00 | Exchange emails with G. Wallace re timeline for post-judgment actions | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/16/2019 | Andrew J. Petrie | 0.10 | 51.98 | 0.00 | Review and forward court order re dismissal and award of fees; conference with C. Snider re preparing fee application | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/17/2019 | Andrew J. Petrie | 0.10 | 51.98 | 0.00 | Review J. Andrews' comments re next steps to comply with Judge Lanza's order | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/17/2019 | Andrew J. Petrie | 0.10 | 0.00 | 0.00 | Telephone conference with J. Andrews re background for disputes and assistance needed with filing for fees and costs (No Charge) | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/17/2019 | Andrew J. Petrie | 0.10 | 51.98 | 0.00 | Email C. Snider and Phoenix senior lawyers re market rate information for Phoenix attorneys' fees | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/17/2019 | Jillian L. Andrews | 0.10 | 30.00 | 0.00 | Send e-mail to A. Petrie re: attorney fees spreadsheet required by Local Rule 54.2 | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/17/2019 | Jillian L. Andrews | 0.30 | 90.00 | 0.00 | Review court order granting sanctions and analyze what is required for submission of attorneys fees | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/17/2019 | Jillian L. Andrews | 0.30 | 90.00 | 90.00 | Draft and file notice of substitution of counsel | |
| 12/17/2019 | Jillian L. Andrews | 0.30 | 90.00 | 0.00 | Research requirement for attorneys fees spreadsheet under Local Rule 54.2 | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/17/2019 | Jillian L. Andrews | 0.20 | 60.00 | 0.00 | Telephone conference with A. Petrie to discuss case background and assignment | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/18/2019 | Andrew J. Petrie | 0.10 | 51.98 | 0.00 | Review client materials and J. Andrews' email re submission due December 30 for fees and costs | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/18/2019 | Andrew J. Petrie | 0.10 | 51.98 | 0.00 | Telephone call from J. Andrews re materials needed for fee application and email P. Allen re engagement letter | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/18/2019 | Jillian L. Andrews | 0.30 | 90.00 | 0.00 | Research requirements for meet and confer requirement and supporting affidavits under Local Rule 54.2 | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/18/2019 | Jillian L. Andrews | 0.10 | 30.00 | 0.00 | Telephone conference with A. Petrie re: requirements for supporting documentation for fees spreadsheet under Local Rule 54.2 | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/18/2019 | Jillian L. Andrews | 0.70 | 210.00 | 0.00 | Draft notice to court of supporting documents required by Local Rule 54.2 in support of attorneys fees | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/19/2019 | Jillian L. Andrews | 0.30 | 90.00 | 0.00 | Draft affidavit in support of attorneys fees | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/20/2019 | Andrew J. Petrie | 0.10 | 0.00 | 0.00 | Exchange emails with P. Allen re backup for motion for fees and costs, and conference with D. Dethlefs re signed engagement letter (No Charge) | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/20/2019 | Jillian L. Andrews | 0.50 | 150.00 | 0.00 | Draft affidavit in support of attorneys fees, email combined documents to A. Petrie for filing | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/21/2019 | Andrew J. Petrie | 0.10 | 51.98 | 0.00 | Review and respond to J. Andrews re proposed paperwork in support of fees to be awarded | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/26/2019 | Andrew J. Petrie | 0.20 | 0.00 | 0.00 | Review ALM reports on average hourly rates by region and state (No Charge) | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/26/2019 | Andrew J. Petrie | 0.20 | 103.95 | 0.00 | Prepare A. Petrie affidavit in support of motion for fees and costs | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/27/2019 | Andrew J. Petrie | 0.10 | 51.98 | 0.00 | Review statements and prepare redacted CMI bills to submit with motion for fees as per Judge Lanza's December 16 order | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/27/2019 | Andrew J. Petrie | 0.10 | 51.98 | 0.00 | Review and forward to client reps J. Claridge's counteroffer re fees he owes | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/27/2019 | Andrew J. Petrie | 0.20 | 103.95 | 0.00 | Prepare email to L. Orman and J. Claridge re meet-and-confer over amounts owed through November 30, and December time and expenses | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/27/2019 | Andrew J. Petrie | 0.10 | 51.98 | 0.00 | Tally up amounts owed through November 30 and email billing re preparing demand bill for December time and expenses | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/27/2019 | Jillian L. Andrews | 0.30 | 90.00 | 0.00 | Revise attorneys' fees affidavit sections on lawyer experience and rates | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/28/2019 | Andrew J. Petrie | 0.10 | 51.98 | 0.00 | Review and forward on to client reps J. Claridge's response re meet-and-confer, and review G. Wallace's response | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/29/2019 | Andrew J. Petrie | 0.20 | 103.95 | 0.00 | Prepare revised affidavit in support of motion for fees | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/29/2019 | Andrew J. Petrie | 0.10 | 51.98 | 0.00 | Prepare emailed response declining J. Claridge's settlement offer, addressing erroneous statements he made, and demanding his fee agreement | Deleted pursuant to order's analysis re: authority fees-on-fees |

|  |  |
|---|---|
| Total Requested Fees: | $20,998.71 |
| Total Awarded Fees: | 18,962.17 |
| Difference | $2,036.54 |

| Work Date | Timekeeper Name | Hours Worked | Work Value | Court Adjusted | Narrative | |
|---|---|---|---|---|---|---|
| 8/22/2019 | Andrew J. Petrie | 0.10 | 66.50 | 51.98 | Telephone conference with J. Scoliard re additional facts for Cendant's opposition application to confirm award | Adjusted to reflect reasonable fee of $519.75 |
| 8/26/2019 | Andrew J. Petrie | 2.60 | 1,729.00 | 1,351.35 | Prepare draft motion to dismiss based on CMI template and different fact for Cenlar (1.4); review Cenlar correspondence and documents that J. Scoliard forwarded (.3); prepare cover email to J. Scoliard re draft and factual support for same (.1); exchange emails with C. Bales re additional research in support of motion to dismiss (.1); review client comments re draft motion to vacate and dismiss (.2); prepare revised version incorporating same and adding note re **Redacted** (.3); review C. Bales' additional revisions (.2) | Adjusted to reflect reasonable fee of $519.75 |
| 8/26/2019 | Chase A. Bales | 2.30 | 966.00 | 690.00 | Analyze authorities pertaining to vacating arbitration award on basis of fraud and update motion to vacate based on same | Adjusted to reflect reasonable fee of $300 |
| 8/26/2019 | Chase A. Bales | 0.30 | 126.00 | 90.00 | Review draft motion to vacate or dismiss, and send follow up email to D. Petrie re same | Adjusted to reflect reasonable fee of $300 |
| 8/27/2019 | Chase A. Bales | 1.50 | 630.00 | 450.00 | Finalize motion to vacate and notice of appearance, and facilitate filing of same | Adjusted to reflect reasonable fee of $300 |
| 8/30/2019 | Andrew J. Petrie | 0.20 | 133.00 | 103.95 | Review Orman's response and motion to strike | Adjusted to reflect reasonable fee of $519.75 |
| 9/4/2019 | Chase A. Bales | 0.90 | 378.00 | 270.00 | Prepare reply in support of motion to vacate | Adjusted to reflect reasonable fee of $300 |
| 9/5/2019 | Andrew J. Petrie | 0.90 | 598.50 | 467.78 | Skim/Review Orman's supplemental filing and email J. Scoliard re same (.1); review, revise and comment on draft reply in further support of motion to dismiss (.3); review emails with Cenlar and CMI re whether there was an offer of a loan modification made to Orman (.1); review motion to withdraw as counsel and C. Bales' emails re filing reply and metadata issues Orman raises (.1); review Judge Lanza's order denying Ormans' motion to strike (.1); review Orman's special action and request for attorneys' fees (.1); skim/review Orman's supplement to motion to strike (.1) | Adjusted to reflect reasonable fee of $519.75 |
| 9/5/2019 | Chase A. Bales | 0.80 | 336.00 | 240.00 | Review email correspondence concerning loan modification (.1); review emails from D. Petrie re reply in support of motion to vacate (.2); revise draft reply in support of motion to vacated (.3); prepare draft motion to strike Orman's supplemental response (.2) | Adjusted to reflect reasonable fee of $300 |
| 9/6/2019 | Chase A. Bales | 0.80 | 336.00 | 240.00 | Review order from court re various filings and evaluate impact of same on reply in support of motion to vacate (.2); prepare email to D. Petrie re strategy for addressing court's order (.2); revise draft reply in support of motion to vacate (.4) | Adjusted to reflect reasonable fee of $300 |
| 9/9/2019 | Chase A. Bales | 1.50 | 630.00 | 450.00 | Prepare reply in support of motion to vacate to address additional arguments raised in Orman's supplemental response | Adjusted to reflect reasonable fee of $300 |
| 9/10/2019 | Andrew J. Petrie | 0.30 | 199.50 | 155.93 | Review, revise and comment on draft reply in further support of motion to dismiss | Adjusted to reflect reasonable fee of $519.75 |
| 9/10/2019 | Chase A. Bales | 0.50 | 210.00 | 150.00 | Revise reply in support of motion to vacate based on question and comments from D. Petrie | Adjusted to reflect reasonable fee of $300 |
| 9/11/2019 | Andrew J. Petrie | 0.20 | 133.00 | 103.95 | Review Orman's most recent filing, circulate to client, and email C. Bales and M. Morr re potential terse responses and new facts she discloses | Adjusted to reflect reasonable fee of $300 |
| 9/13/2019 | Andrew J. Petrie | 0.10 | 66.50 | 51.98 | Exchange emails with C. Bales re responding to Orman's most recent unauthorized filing and her motion for sanctions, and the Judge's ruling directing that he will treat her filings as a motion for summary judgment | Adjusted to reflect reasonable fee of $300 |
| 9/17/2019 | Chase A. Bales | 0.40 | 168.00 | 120.00 | Prepare outline of response to Orman's motion for summary judgment and send same to D. Petrie | Adjusted to reflect reasonable fee of $300 |
| 9/18/2019 | Andrew J. Petrie | 0.30 | 199.50 | 155.93 | Review and respond to C. Bales re outline of issues and positions for response to papers the court has deemed an Orman motion for summary judgment (.1); review J. Claridge's response to motion or sanctions and his email asking for withdrawal, and prepare reply points to both (.2) | Adjusted to reflect reasonable fee of $519.75 |
| 9/18/2019 | Chase A. Bales | 0.10 | 42.00 | 30.00 | Review response to motion for sanctions | Adjusted to reflect reasonable fee of $300 |
| 9/19/2019 | Chase A. Bales | 2.40 | 1,008.00 | 720.00 | Prepare response to Orman's motion for summary judgment | Adjusted to reflect reasonable fee of $300 |
| 9/23/2019 | Chase A. Bales | 1.40 | 588.00 | 420.00 | Continue preparing response to Orman's motion for summary judgment | Adjusted to reflect reasonable fee of $300 |
| 9/24/2019 | Chase A. Bales | 1.70 | 714.00 | 510.00 | Continue drafting response to motion for summary judgment | Adjusted to reflect reasonable fee of $300 |
| 9/25/2019 | Andrew J. Petrie | 0.10 | 66.50 | 51.98 | Review Orman's motion to reconsider and affidavit in support | Adjusted to reflect reasonable fee of $519.75 |
| 9/25/2019 | Chase A. Bales | 2.20 | 924.00 | 660.00 | Revise response to Orman's motion for summary judgment (.9); prepare controverting statement of facts and affidavit for J. Scoliard (1.3) | Adjusted to reflect reasonable fee of $300 |
| 9/26/2019 | Andrew J. Petrie | 1.00 | 665.00 | 519.75 | Review, revise and comment on draft response to what the Court has deemed is Orman's motion for summary judgment (.3); review, revise and comment on draft statement of disputed facts (.3); review, revise and comment on draft J. Scoliard affidavit (.4) | Adjusted to reflect reasonable fee of $519.75 |
| 9/27/2019 | Chase A. Bales | 0.60 | 252.00 | 180.00 | Revise draft of papers relating to response to Orman's motion for summary judgment based on comments and questions from D. Petrie | Adjusted to reflect reasonable fee of $300 |
| 9/30/2019 | Chase A. Bales | 0.20 | 84.00 | 60.00 | Prepare follow-up email to J. Scoliard re response to Orman's motion for summary judgment and assemble exhibits for affidavit in support of same | Adjusted to reflect reasonable fee of $300 |
| 9/30/2019 | Chase A. Bales | 0.50 | 210.00 | 150.00 | Finalize drafts associated with response to motion for summary judgment; prepare draft motion for extension of time re same; contact Plaintiff re extension | Adjusted to reflect reasonable fee of $300 |
| 10/1/2019 | Chase A. Bales | 0.10 | 42.00 | 30.00 | Prepare supplement to motion for extension of time based on email from Orman | Adjusted to reflect reasonable fee of $300 |

| Work Date | Timekeeper Name | Hours Worked | Work Value | Court Adjusted | Narrative | |
|---|---|---|---|---|---|---|
| 10/2/2019 | Andrew J. Petrie | 0.20 | 133.00 | 103.95 | Review Orman's motion for sanctions (.1); review and respond to C. Bales' outline of proposed response points (.1) | Adjusted to reflect reasonable fee of $519.75 |
| 10/2/2019 | Chase A. Bales | 0.90 | 378.00 | 270.00 | Review Orman's motion for sanctions and prepare outline for responding to same | Adjusted to reflect reasonable fee of $300 |
| 10/3/2019 | Chase A. Bales | 0.50 | 210.00 | 150.00 | Revise draft response to Orman's motion for summary judgment | Adjusted to reflect reasonable fee of $300 |
| 10/4/2019 | Chase A. Bales | 0.80 | 336.00 | 240.00 | Finalize response to Orman's motion for summary judgment | Adjusted to reflect reasonable fee of $300 |
| 10/9/2019 | Chase A. Bales | 1.40 | 588.00 | 420.00 | Draft response to Orman's motion for sanctions | Adjusted to reflect reasonable fee of $300 |
| 10/10/2019 | Andrew J. Petrie | 0.20 | 133.00 | 103.95 | Review, revise and comment on draft opposition to motion for sanctions | Adjusted to reflect reasonable fee of $519.75 |
| 10/10/2019 | Chase A. Bales | 1.30 | 546.00 | 390.00 | Continue drafting response to Orman's motion for sanctions | Adjusted to reflect reasonable fee of $300 |
| 10/15/2019 | Chase A. Bales | 0.60 | 252.00 | 180.00 | Finalize response to motion for sanctions and oversee filing of same | Adjusted to reflect reasonable fee of $300 |
| 10/16/2019 | Andrew J. Petrie | 0.10 | 66.50 | 51.98 | Review C. Bales' report on miscited case authority on which Orman relies, and skim cases cited | Adjusted to reflect reasonable fee of $519.75 |
| 10/16/2019 | Chase A. Bales | 0.50 | 210.00 | 150.00 | Review Orman's reply in support of motion for summary judgment and evaluate authorities she cited in support of same | Adjusted to reflect reasonable fee of $300 |
| 10/18/2019 | Andrew J. Petrie | 0.10 | 66.50 | 51.98 | Review Orman's reply in support of motion for summary judgment and select cases on which she relies | Adjusted to reflect reasonable fee of $519.75 |
| 10/23/2019 | Chase A. Bales | 0.20 | 84.00 | 60.00 | Review Orman's reply in support of motion for attorneys' fees | Adjusted to reflect reasonable fee of $300 |
| 11/5/2019 | Andrew J. Petrie | 0.10 | 66.50 | 51.98 | Review Orman's reply in support of motion for sanctions and two affidavits she filed with it | Adjusted to reflect reasonable fee of $519.75 |
| 12/16/2019 | Andrew J. Petrie | 0.40 | 266.00 | 0.00 | Review and forward court order re dismissal and award of fees; conference with C. Snider re preparing fee application (.3); review LR 54.2 to which Judge Lanza referred for requirements of itemized fee statement (.1) | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/16/2019 | Christine T. Snider | 0.30 | 75.00 | 0.00 | Review Court order and Rule 54.2(e)(1) re preparing supporting documentation to Motion for Award of Attorneys Fees | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/17/2019 | Andrew J. Petrie | 0.10 | 0.00 | 0.00 | Telephone conference with J. Andrews re background for disputes and assistance needed with filing for fees and costs (No Charge) | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/17/2019 | Jillian L. Andrews | 0.10 | 30.00 | 0.00 | Send e-mail to A. Petrie re: attorney fees spreadsheet required by Local Rule 54.2 | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/17/2019 | Jillian L. Andrews | 0.20 | 60.00 | 0.00 | Telephone conference with A. Petrie to discuss case background and assignment | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/17/2019 | Jillian L. Andrews | 0.30 | 90.00 | 0.00 | Review court order granting sanctions and analyze what is required for submission of attorneys fees | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/17/2019 | Jillian L. Andrews | 0.30 | 90.00 | 0.00 | Research requirement for attorneys fees spreadsheet required under Local Rule 54.2 | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/17/2019 | Jillian L. Andrews | 0.30 | 90.00 | 90.00 | Draft and file notice of substitution of counsel | |
| 12/18/2019 | Andrew J. Petrie | 0.10 | 66.50 | 0.00 | Telephone call from J. Andrews re materials needed for fee application and locate engagement letter agreement for same | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/18/2019 | Jillian L. Andrews | 0.70 | 210.00 | 0.00 | Draft notice to court of supporting documents required by Local Rule 54.2 in support of attorneys fees | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/18/2019 | Jillian L. Andrews | 0.30 | 90.00 | 0.00 | Research requirements for meet and confer requirement and supporting affidavits under Local Rule 54.2 | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/18/2019 | Jillian L. Andrews | 0.10 | 30.00 | 0.00 | Telephone conference with A. Petrie re: requirements for supporting documentation for fees spreadsheet under Local Rule 54.2 | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/19/2019 | Jillian L. Andrews | 0.30 | 90.00 | 0.00 | Draft affidavit in support of attorneys fees | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/20/2019 | Jillian L. Andrews | 0.50 | 150.00 | 0.00 | Draft affidavit in support of attorneys fees, email combined documents to A. Petrie for filing | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/20/2019 | Patricia Wellinger | 2.00 | 460.00 | 0.00 | Research attorney billing rates in Phoenix, Arizona from 2016 to current for C. Snider | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/26/2019 | Andrew J. Petrie | 0.20 | 133.00 | 0.00 | Prepare A. Petrie affidavit in support of motion for fees and costs | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/27/2019 | Andrew J. Petrie | 0.40 | 266.00 | 0.00 | Tally up amounts owed through November 30 and email billing re preparing demand bill for December time and expenses (.1); prepare email to L. Orman and J. Claridge re meet-and-confer over amounts owed through November 30, and December time and expenses (.2); review statements and prepare redacted Cenlar bills to submit with motion for fees as per Judge Lanza's December 16 order (.1) | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/27/2019 | Jillian L. Andrews | 0.30 | 90.00 | 0.00 | Revise attorneys' fees affidavit sections on lawyer experience and rates | Deleted pursuant to order's analysis re: authority fees-on-fees |
| 12/29/2019 | Andrew J. Petrie | 0.30 | 199.50 | 0.00 | Prepare emailed response declining J. Claridge's settlement offer, addressing erroneous statements he made, and demanding his fee agreement (.1); prepare revised affidavit in support of motion for fees (.2) | Deleted pursuant to order's analysis re: authority fees-on-fees |

| | | |
|---|---|---|
| Total Fees Requested: | $17,056.50 | |
| Total Fees Approved: | 10,788.38 | |
| Difference | $6,268.13 | |