**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie E. Orman,<br><br>          Petitioner,<br><br>v.<br><br>Central Loan Administration & Reporting, et al.,<br><br>          Respondents. | No. CV-19-04756-PHX-DWL<br><br>**ORDER** |

      Pending before the Court is Petitioner Leslie Orman's motion for reconsideration and motion to seal her motion for reconsideration. (Docs. 55, 56.) She seeks reconsideration of the Court's February 26, 2020 order that she pay $9,709.54 in sanctions to Respondent Central Loan Administration & Reporting ("Cenlar") and pay $17,065.95 in sanctions to Respondent CitiMortgage Inc. ("Citi," and collectively, "Respondents"). (Doc. 54 at 14.) Specifically, Orman claims she is unable to satisfy the sanctions order due to her limited income and inability to pay. (Doc. 56 at 1-2.) For the following reasons, the Court will grant the motion to seal in part and deny the motion for reconsideration.

      The factual and legal background of this case is detailed in the Court's December 16, 2020 order. (Doc. 39.) In a nutshell, Orman sought confirmation of a $10.3 million arbitration award that was based on a legally nonexistent contract. Because the arbitration "agreement" had never been agreed to, the Court vacated the award. (*Id.* at 8-9.) The Court also determined that Orman's motion to confirm had been filed in bad faith and, as a result, sanctions were appropriate. (*Id.* at 9-13.) The Court determined that Orman would

be responsible for 90% of Respondents' attorneys fees and directed Respondents to file an itemized statement of the legal services provided in this case within 14 days. (*Id.* at 12-14.)

On December 30, 2020, Respondents submitted their fee request. (Doc. 42.) After considering their itemized statements and Orman's objections thereto (Doc. 46), the Court awarded $9,709.54 to Cenlar and $17,065.95. (Doc. 54 at 14.) Orman now seeks reconsideration of that award, arguing that she in unable to pay and that "the Court misread its own order" in determining the due date for Respondents' fee submission. (Doc. 56.)

I.     Motion To Seal

As an initial matter, Orman seeks to seal her motion for reconsideration because it contains her Social Security number. (Doc. 55.) Under Rule 5.2(a) of the Federal Rules of Civil Procedure, a party filing a motion containing a Social Security number ordinarily should submit an unsealed, redacted version of that document, rather than filing an unredacted version and seeking to seal it. However, in the interest of expediency, the Court will grant the motion in part. The entire document need not be sealed—only the portion that contains Orman's Social Security number. Accordingly, the Court will order that Exhibit 1 of Doc. 56 be filed under seal, and the rest of the document will remain unsealed.

II.    Motion For Reconsideration

Under LRCiv. 7.2, the Court will grant a motion for reconsideration if: (1) "[t]here are material differences in fact or law from that presented to the Court" that the moving party could not have known at the time of the Court's decision; (2) "[t]here are new material facts that happened *after* the Court's decision"; (3) there was a change in law after the Court's decision; or (4) the moving party makes a "convincing showing that the Court failed to consider material facts presented to the Court." *Honeywell Int'l, Inc. v. Western Support Group*, 2013 WL 2369919, *1-2 (D. Ariz. 2013)

Orman primarily argues that the Court should reconsider its fee award because she is unable to pay the sanctions levied against her. (Doc. 56 at 1-2.) She has limited income derived from Social Security and the sanctions imposed exceed her annual income. (*Id.*)

In fact, she argues, the sanctions imposed exceed her total assets. (*Id.*)

The trouble is that Orman's financial situation and the amount of fees sought by Respondents are not information that Orman couldn't have known at the time she filed her objections to Respondents' fee request. Nor are they new facts that occurred after the Court entered its order. *Honeywell Int'l*, 2013 WL 2369919 at *1-2. At the time the Court was considering Respondents' fee request, Orman knew both how much they were seeking and whether she had the ability to pay. Additionally, before Orman's objections were due, the Court issued an order that specifically noted that the sanctioned parties could raise "inability to pay" as a defense. (Doc. 45 at 3.) It therefore fell on Orman to bring her inability to pay to the Court's attention in her objections. *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993) ("[T]he sanctioned party has the burden to produce evidence of inability to pay."). After all, "the sanctioned party knows best his or her financial situation." *Id.* As a result, reconsideration is not warranted on this point—Orman had an opportunity to present this information to the Court. That opportunity has passed.

Orman also argues that the "Court misread its own order" and incorrectly considered Respondents' fee submission because it was filed after the due date, which Orman argues was 14 days from when the order was signed. The Court considered and rejected this argument in its order awarding sanctions. (Doc. 56 at 7.) An order becomes effective at, and due dates run from, the time an order is entered on the civil docket. Fed. R. Civ. Proc. 58(c). *See also Cannella v. Lentz*, 396 F. Supp. 2d 435, 438 (S.D.N.Y. 2005).

Finally, Orman asserts that she did not receive Respondents' supporting documentation until January 4, 2020, which meant that it was late no matter what. (Doc. 56 at 3.) This argument is unavailing. If Orman thought the documentation was late no matter what, she could have so argued in her original objection. She did not. (Doc. 46.) In fact, in that objection, Orman states that "Respondent's (sic) spreadsheets were emailed to . . . Orman . . . four (4) days after the time specified in the Court's order." (*Id.* at 2.) Because Orman believed the due date was December 26, 2019, four days after was December 30, 2019. (*Id.*) In other words, Orman has already admitted that she timely

received Respondents' supporting documentation. Respondents have also represented that they timely provided this information to Orman twice. (Doc. 47 at 3-4.)

Accordingly, **IT IS ORDERED THAT**:

(1) Orman's motion to seal (Doc. 55) is **granted in part**. The Clerk of the Court is directed to file Exhibit 1 of Doc. 56 under seal; and

(2) Orman's motion for reconsideration is **denied**.

Dated this 13th day of March, 2020.

_____
Dominic W. Lanza
United States District Judge

Cc: Jeremy Claridge
1405 W. 16th Street, Suite G
Yuma, AZ 85364